**Edwin Ritter JONAS, III, Esquire,**
**Plaintiff–Appellant,**

v.

**Emilie RICHARDSON; et al.,**
**Defendants–Appellees.**

**No. 14–35282.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2016.*

Filed March 23, 2016.

Edwin Ritter Jonas, III, Esquire, Rollins, MT, pro se.

Peter Michael Meloy, Meloy Law Firm, Helena, MT, for Defendants–Appellees.

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Edwin Ritter Jonas, III, Esq., appeals pro se from the district court's summary

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judgment in his diversity action alleging defamation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Szajer v. City of Los Angeles,* 632 F.3d 607, 610 (9th Cir.2011). We affirm.

The district court properly granted summary judgment because Jonas failed to raise a genuine dispute of material fact as to whether the newspaper article at issue was false. *See Shoen v. Shoen,* 48 F.3d 412, 417 (9th Cir.1995) (constitutional elements of defamation); *Citizens First Nat'l Bank of Wolf Point v. Moe Motor Co.,* 248 Mont. 495, 813 P.2d 400, 404 (1991) ("[T]ruth is a complete defense to a claim of defamation.").

The district court did not abuse its discretion by striking Jonas's filings submitted in violation of local rules. *See United States v. Heller,* 551 F.3d 1108, 1111 (9th Cir.2009) (setting forth standard of review).

The district court did not abuse its discretion by denying Jonas's Fed.R.Civ.P. 56(d) motion because Jonas failed to show how allowing additional discovery would have precluded summary judgment. *See Tatum v. City & County of San Francisco,* 441 F.3d 1090, 1100–01 (9th Cir.2006) (setting forth standard of review).

We reject as without merit Jonas's contentions relating to the district court's denial of Jonas's request for judicial notice and for an oral hearing regarding his objection to other judicially noticeable documents.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.